IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONAL MONROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00317-RAH |
| | ) | |
| DANNY FLOYD PAYNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------

| | | |
|---|---|---|
| UNITED SERVICE AUTOMOBILE ASSOCIATION, *as Subrogee of its Insured, Ronal E. Monroy*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00676-RAH |
| | ) | |
| M1 SUPPORT SERVICES, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

This motor vehicle accident case involves a minor collision between Plaintiff Ronal Monroy and Defendant Danny Payne, who was working in the line and scope of his employment with Defendant M1 Support Services, L.P. (collectively, "Defendants") at the time of the accident. Monroy's Complaint asserts claims for

negligence and wantonness. Discovery now at an end, Monroy has moved for partial summary judgment on the issue of Payne's liability for negligence, and Defendants have moved for summary judgment on the issue of Monroy's alleged contributory negligence.

With the motions having been fully briefed and thus ripe for discussion, for the reasons set forth below, the Court will **DENY** both motions with respect to Monroy's negligence claim and the Defendants' assertion of contributory negligence.[1]

## JURISDICTION AND VENUE

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 because the conduct at issue occurred at Fort Rucker, Alabama, a federal military base subject to the exclusive jurisdiction of the United States. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## BACKGROUND

The accident at issue occurred on October 17, 2019, as Monroy was backing out of a parking space on Peters Avenue at Fort Rucker. (Doc. 39-1 at 21.)[2] Monroy's car was parked on the north side of Peters Avenue between two other

---

[1] At the pretrial conference held in this matter, Monroy conceded to summary judgment on his wantonness claim. As such, the Court will give no further discussion of it.

[2] All record references come from Case No. 1:21-cv-00317.

2

vehicles. (Doc. 39-1 at 22, 25.) Prior to getting into his car, Monroy looked down Peters Avenue and did not see any oncoming traffic. (*Id*. at 24.) Monroy then got into his car, turned his blinkers on, checked his mirrors, backed out of the parking space while also looking over the back of his shoulder, and shifted his car into forward drive when a 2010 Kubota RTV-X900 utility vehicle operated by Payne struck his rear passenger side bumper. (*Id*. at 25.) Monroy estimated approximately a minute had passed between when he looked down Peters Avenue before getting into his car and the subsequent collision. (*Id*. at 24–25.)

Payne admits that just before the accident, he glanced away from the road for approximately two seconds toward a group of soldiers standing near an antique car parked on the opposite side of the road to make sure they did not walk out into the roadway in front of him. (Doc. 39-2 at 14.) When Payne looked back toward the road, he saw Monroy's car reversing onto the road immediately in front of him. (*Id*. at 15.) Payne hit the brakes and swerved but was unable to avoid hitting Monroy's car. (*Id*.)

## STANDARD OF REVIEW

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The existence of a factual dispute "material to an issue affecting the outcome of the case" will preclude summary judgment.

*Chapman v. Al Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Materiality is determined by the "relevant rules of substantive law." *Chapman*, 229 F.3d at 1023. A genuine issue of material fact exists where there is "sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Id.*

The applicable Rule 56 standard is not affected by the filing of cross-motions for summary judgment. *See, e.g., Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). "Cross-motions . . . will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (per curiam) (citation omitted). When both parties move for summary judgment, the Court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *See Am. Bankers Ins. Grp.*, 408 F.3d at 1331.

## DISCUSSION

### A.   Payne's Negligence

Alabama law defines negligence as "the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238

(Ala. 1995). "To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994).

In this case, Monroy argues summary judgment is due in his favor with respect to Payne's liability for negligence because Payne's testimony shows that he failed to use reasonable care in operating the Kubota. According to Monroy, Payne's admission that he briefly turned away to look at a group of soldiers across the street just before the accident constitutes distracted driving and therefore was the sole cause of the accident.

Defendants dispute that Payne was distracted because, according to him, it was reasonable to scan his surroundings for hazards, and pedestrians were a known hazard in the area. Additionally, Defendants argue that Monroy cannot show that Payne breached a legal duty because Payne was operating the Kubota in compliance with the Alabama Rules of the Road and his duty to drive with reasonable care as he was driving at or below the speed limit at the time of the accident.

The evidence shows a genuine dispute over whether Payne used reasonable care in operating the Kubota in the moments prior to and at the time of the accident. As such, Monroy is not entitled to summary judgment with respect to his negligence claim against the Defendants.

### B. Monroy's Alleged Contributory Negligence

In their summary judgment motion, Defendants argue that Monroy's negligence claim is completely barred by his own contributory negligence in failing to yield to the right-of-way to Payne.

Contributory negligence is an affirmative and complete defense to negligence under Alabama law. *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006). To establish contributory negligence, Defendants have the burden of proving that Monroy (1) had knowledge of the dangerous condition; (2) appreciated the danger; and (3) failed to exercise reasonable care by placing himself in the way of danger. *Id.* Additionally, "it has long been recognized that contributory negligence may also be predicated upon the failure to appreciate the danger when there is a reasonable opportunity to do so under the circumstances." *Alabama Power Co. v. Mosley*, 318 So. 2d 260, 263 (Ala. 1975). Contributory negligence is normally a question for the jury unless "the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent." *Serio*, 941 So. 2d at 964.

Defendants argue the elements for contributory negligence are met as a matter of law because Monroy's testimony establishes that (1) he knew of the dangerous condition of backing out into a road; (2) he consciously appreciated the danger posed by backing out into a road on which traveling vehicles have the right-of-way; and

(3) he failed to see a readily visible vehicle traveling down the road when he backed out onto Peters Avenue. Defendants also rely on *Serio v. Merrell, Inc.*, 941 So. 2d 960 (Ala. 2006), and *Walker v. Ergon Trucking, Inc.*, No. 1:18-cv-594, 2020 WL 6827898 (N.D. Ala. Nov. 20, 2020), *aff'd*, 2021 WL 3666595 (11th Cir. Aug. 18, 2021), for the premise that Monroy's failure to discover and observe Payne's Kubota constitutes contributory negligence as a matter of law. But the facts of *Serio* and *Walker* are distinguishable from the evidence presented in this case.

In *Serio*, the Alabama Supreme Court concluded that the plaintiff was contributorily negligent as a matter of law based largely on the fact that the plaintiff "[did] not discuss, or even take note of, any of the evidence relating to her own conduct or the attendant circumstances" other than turning at the stop sign prior to the accident at issue. *Serio*, 941 So. 2d at 965. Likewise, the plaintiff in *Walker* was found to be contributorily negligent as a matter of law where he admitted he did not look for approaching traffic and did not use his turn signal or otherwise indicate that he might change lanes before merging onto the highway just before the accident occurred. *Walker*, 2021 WL 3666585, at *4.

Unlike the plaintiffs in *Serio* and *Walker*, here, Monroy has provided evidence, viewed in a light favorable to Monroy, from which reasonable persons could reach logically different conclusions over whether Monroy acted negligently. Monroy testified he looked for oncoming traffic and did not see any oncoming

7

vehicles prior to reversing, checked his mirrors, engaged his blinkers, and looked over his shoulder to continue to check for oncoming traffic as he was reversing, and he could not see all the way down Peters Avenue as his view was obstructed by the cars parked on either side of him. And according to Monroy, there was nothing he could have done to prevent the accident.

Based on the forgoing, the Court concludes the Defendants are not entitled to summary judgment on their assertion of the affirmative defense of contributory negligence by Monroy. That defense, like Payne's own negligence, are issues more appropriate for resolution by a jury.

## CONCLUSION

Based on the forgoing, it is ORDERED as follows:

1. Plaintiff Ronal Monroy's Motion for Partial Summary Judgment (Doc. 39) is DENIED.

2. Plaintiff United Services Automobile Association's Motion to Adopt Filing of Plaintiff, which the Court construes as a motion for summary judgment (Doc. 40), is DENIED.

3. Defendants' Motion for Summary Judgment (Doc. 41) is GRANTED with respect to Plaintiff's claim for wantonness and is DENIED in all other respects. The wantonness claim is dismissed.

4. This lawsuit shall proceed to a jury on the Plaintiffs' claim of negligence, and the Defendants' affirmative defense of contributory negligence.

DONE and ORDERED this 18th day of October, 2022.

                                              /s/ R. Austin Huffaker, Jr.
                                              R. AUSTIN HUFFAKER, JR.
                                              UNITED STATES DISTRICT JUDGE